**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MOVE 4 LESS, LLC,

        Plaintiff,

vs.

QUEEN BUSINESS SOLLUTIONS, LLC, *et al.*,

        Defendants.

Case No.: 2:19-cv-00321-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 24), filed by Third-Party Defendants Digital Product Marketing, LLC and Ronald Spinabella ("Third-Party Defendants"), regarding Defendant Queen Business Solutions, LLC's ("QBS's") Third-Party Complaint, (ECF No. 8). QBS filed a Response, (ECF No. 26). Third-Party Defendants did not file a reply. With Third-Party Defendants' Motion to Dismiss pending, Plaintiff Move 4 Less ("Plaintiff") and QBS filed a Stipulation to Dismiss all of Plaintiff's claims against QBS with Prejudice, (ECF No. 27), which the Court granted, (ECF No. 28).

QBS's Third-Party Complaint only asserts claims for contribution and indemnity against Third-Party Defendants for Plaintiff's underlying claims. (Third-Party Compl. 10:13–11:16, ECF No. 8). In relevant part, Third Party Defendants' Motion to Dismiss alleges that QBS fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss at 2, ECF No. 24).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must

contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint are not plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

To state a claim for contribution, a third-party plaintiff must plead: "(1) common law liability; and (2) the party seeking contribution has been required to pay more than its just share of the award." *See Northwest Airlines v. Transp. Workers Union*, 451 U.S. 77, 83 (1981). In order to state a claim for indemnity, the party seeking indemnity must plead: "(1) it has discharged a legal obligation owed to a third party; (2) the party from whom it seeks liability also was liable to the third party; and (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter." *Rodriquez v. Primadonna Co.*, 216 P.3d 793, 801 (Nev. 2009) (citing 41 Am. Jur. 2d *Indemnity* § 20 (2005)).

QBS fails to state a claim against Third-Party Defendants because it cannot show that it may be liable for Plaintiff's claims. In light of Plaintiff and QBS's Stipulation to Dismiss Plaintiff's claims with prejudice, the Court will not enter a judgment against QBS. Accordingly, QBS cannot plausibly plead an essential element, liability, underlying both its contribution and indemnity claims. Therefore, Third-Party Defendants' Motion to Dismiss is **GRANTED**.

//
//
//
//
//
//

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendants' Motion to Dismiss, (ECF No. 24), is **GRANTED**.

**IT IS FURTHER ORDERED** that QBS's Third-Party Complaint, (ECF No. 8), is **DISMISSED with prejudice**.

The Clerk of Court shall close this case and enter judgment accordingly.

**DATED** this 18 day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court